FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF GEORGIA** 2006 MAR -1  AM 8: 11

**AUGUSTA DIVISION**   CLERK _L. Feendem_
SO. DIST. OF GA.

| | | |
|---|---|---|
| EUGENE CHRIS BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 105-118 |
| | ) | |
| | ) | |
| RICHMOND COUNTY CORRECTIONAL | ) | |
| INSTITUTION et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate incarcerated at Dooly State Prison in Unadilla, Georgia, commenced the above-captioned case pursuant to Title 42, United States Code, Section 1983. He is proceeding pro se and *in forma pauperis*. On October 31, 2005, the Court directed plaintiff to pay an initial partial filing fee of $9.20 within thirty (30) days of the date of the Order and advised him that all prisoners, even those proceeding *in forma pauperis*, must pay the filing fee of $250.00 in full.

On January 17, 2006, the Court granted plaintiff permission to proceed in this action without prepayment of his initial filing fee with the understanding that he would be responsible for paying the entire filing fee as funds become available. The Court also ordered plaintiff to supplement his complaint. He has done so, and this action is ready to proceed.

The Prison Litigation Reform Act requires the Court to screen plaintiff's complaint for the purpose of identifying claims subject to immediate dismissal.   42 U.S.C. § 1997e(c)(1).   While pleadings drafted by pro se litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

## I. BACKGROUND

In his complaint, the factual allegations of which the Court will construe as true for the limited purpose of screening the complaint, plaintiff alleges that he was injured on a work detail when a tree branch that he was cutting broke off and hit him on the head.  According to plaintiff, prison staff did not provide him with a helmet, as they were required to do under a "BOP policy."  After the incident, prison officials transported plaintiff to the Medical College of Georgia for treatment.  Plaintiff alleges that he suffered unspecified injuries and endured pain and suffering because of the incident.

## II. DISCUSSION

Prison work detail assignments are considered conditions of confinement and accordingly are subject to Eighth Amendment analysis. Lee v. Sikes, 870 F. Supp. 1096, 1099 (S.D. Ga. 1994).  To prevail on an Eighth Amendment claim, a plaintiff must show that the defendants knew about and disregarded an excessive risk to his health or safety, and that their actions constitute a deliberate indifference to his safety. Farmer v. Brennan, 511 U.S.

2

825, 837 (1994). Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk of harm. Id. at 835-39.  When considering whether a defendant has been deliberately indifferent, a plaintiff must show "obduracy and wantonness, not inadvertence or error in good faith." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995); see also Whitley v. Alberts, 475 U.S. 312, 319 (1986) ("To be cruel and unusual punishment, [the challenged] conduct . . . must involve more than ordinary lack of due care for the prisoner's interests or safety.").

Courts have recognized that the mere failure to provide proper instructions or safety devices for use on prison details does not constitute deliberate indifference.  See Stephens v. Johnson, 83 F.3d 198, 200-01 (8th Cir. 1998) (holding that lack of safety training and equipment, including no steel-toed boots and no safety straps on moving dollies in warehouse, as well as allegations of a pattern of injuries, shows, at most, negligence for not taking better safety precautions); Warren v. State of Mo., 995 F.2d 130 (8th Cir. 1993) (finding mere negligence and no deliberate indifference where prison officials failed to provide "anti-kickback" protective equipment on saw, even where officials knew of similar past injuries that could have been prevented with protective equipment).

Another court sitting in the Southern District of Georgia considered a prison workplace safety issue in Lee. There, the plaintiff alleged that defendants failed to provide "proper facilities, training, or protective equipment" for a prison detail on a hog farm. Lee, 870 F. Supp. at 1098.  In rejecting the plaintiff's claim, the court recognized that "mere negligence or inadvertence is insufficient" to establish deliberate indifference. Id. at 1100

(citing <u>Choate v. Lockhart</u>, 7 F.3d 1370, 1374 (8th Cir. 1993)). "Rather, in the work assignment or workplace safety context, prison officials are deliberately indifferent when they 'knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful.'" <u>Id.</u> (citing <u>Ray v. Mabry</u>, 556 F.2d 881, 882 (8th Cir. 1977) (per curiam)).

Plaintiff here alleges that defendants did not provide him with a safety helmet on a work detail that involved cutting trees. Prison officials did provide him with safety glasses and gloves. The safety helmet presumably would have protected plaintiff when a tree branch broke and hit him in the head, neck and back.[1] The Court finds that plaintiff, at most, has alleged that defendants were negligent in failing to provide safety equipment. Absent from his allegations are the sort of "obduracy and wantonness" from defendants that would create a cognizable Eighth Amendment deliberate indifference claim. The cutting of tree limbs does not, in itself, involve an imminent threat of physical harm posing a danger to a prisoner's life or health, and the failure to provide a helmet in cutting tree limbs, like the failure to provide safety equipment or training in the cases cited previously, does not rise above the level of mere negligence on the part of defendants.

The Court also notes that if defendants' failure to provide a protective helmet violated any prison regulation, such a violation does not in itself give rise to a Section 1983 cause of action. "Prison regulations . . . were never intended to confer rights on inmates or serve as

---

[1]Plaintiff has not alleged any specific injury to his head that he suffered as a result of not wearing a safety helmet. He merely alleges non-specific injuries to his head, neck, and back. Thus, plaintiff's complaint may also be dismissed for failure to allege an injury of constitutional magnitude. <u>See</u> <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1348 n.13 (11th Cir. 2002) (listing decisions involving de minimis injury)

a basis for constitutional claims.  Instead, [state prison] regulations, as well as the Unified

Code [of Corrections], were designed to provide guidance to prison officials in the

administration of prisons." Blakenship v. Kittle, No. 03 C 3573, 2003 WL 22048712, at *

2 (N.D. Ill. Aug. 6, 2003); see also Rienholtz v. Campbell, 64 F. Supp. 2d 721, 731 (W.D.

Tenn. 1999), aff'd, 198 F.3d 247 (6th Cir. 1999) (Table) ("In a § 1983 action, a federal court

considers whether a constitutional right has been infringed, not whether bureaucratic

procedures have been violated." Id. (emphasis added)).  Thus, regardless of whether

defendants violated a prison regulation in failing to provide safety helmets, plaintiff has

failed to state a cognizable Section 1983 claim because his allegations do not amount to

deliberate indifference to prisoner safety under Eighth Amendment jurisprudence.


## III. CONCLUSION

The Court finds that plaintiff has failed to state a claim on which Section 1983 relief

may be granted.  Accordingly, the Court recommends that his complaint be **DISMISSED**

and that this civil action be **CLOSED**.


SO REPORTED AND RECOMMENDED this *1st* day of March, 2006, at

Augusta, Georgia.


W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE


5